IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 06-cv-02061-LTB-MJW

MERCEDES ARCHULETA,

    Plaintiff,

v.

MICHELLE WAGNER, in her individual capacity; D.L. MANDELKO, in her individual capacity; SHAYNE BUTLER, in his individual capacity; and TED MINK, JEFFERSON COUNTY SHERIFF, in his official capacity,

    Defendants.
_____

ORDER
_____

    The plaintiff, Mercedes Archuleta, brought claims against the defendants arising out of their arrest and strip search of her. Defendants Ted Mink, the Sheriff of Jefferson County, D. L. Mandelko, a Deputy Sheriff, and Shane Butler, a trooper of the Colorado Highway Patrol, moved for dismissal. I dismissed some claims, but others persist, namely a claim against Officer Michelle Wagner, who swore the affidavit for the arrest warrant, a claim against Officer Butler for an allegedly extraordinary arrest, and a claim against Deputy Mandelko and Sheriff Mink arising out of the strip search.

    Deputy Mandelko has appealed. The other defendants have not. Deputy Mandelko and Sheriff Mink now move for a stay of the case or, alternatively, severance of the claims against them. They argue, essentially, that because the arrest and strip search were separate and distinct events, it is proper to stay litigation of the strip search claim while the Tenth Circuit resolves the question of Deputy Mandelko's entitlement to qualified immunity.

Mrs. Archuleta, citing, *inter alia*, *Walker v. City of Orem*, 451 F.3d 1139 (10th Cir. 2006), concedes that Deputy Mandelko's appeal divests me of jurisdiction over the claim against Deputy Mandelko, but insists that jurisdiction over the other claims continues. Mrs. Archuleta correctly states the law. *Walker*, 451 F.3d at 1152. In particular, Sheriff Mink, sued in his official capacity, is not entitled to the defense of qualified immunity, the ground for Deputy Mandelko's appeal. *Beedle v. Wilson*, 422 F.3d 1059, 1069 (10th Cir. 2005). It is thus simply incorrect to suggest that Deputy Mandelko's appeal will dispose of the claim against Sheriff Mink. That unlikely event would be cause for a motion by Sheriff Mink to reconsider my earlier ruling, but the possibility provides no reason to stay at this time.

Deputy Mandelko has failed to demonstrate: 1) a strong showing that she is likely to succeed on appeal, 2) irreparable injury absent a stay, 3) that issuance of a stay will not harm Mrs. Archuleta, and 4) no harm to the public interest. *F.T.C. v. Mainstream Marketing Services, Inc.*, 345 F.3d 850, 852 (10th Cir. 2003). In particular, it is difficult, if at all possible, to conceive what harm Deputy Mandelko (or, for that matter, the other defendants) will suffer if a stay is not granted. Deputy Mandelko has no litigation obligations while her interlocutory appeal is pending. And even if Deputy Mandelko is successful in her appeal, the other defendants must comply with their discovery and trial preparation obligations. Meanwhile, a stay would prejudice Mrs. Archuleta to the extent that resolution of her claims is delayed.

Severance is also improper. The same facts and evidence will be relevant both to the claim against Deputy Mandelko and to the claim against Sheriff Mink.

Accordingly, the motion [62, 69] is DENIED.

Dated: April  30 , 2007 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge