IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02061-LTB-MJW

MERCEDES ARCHULETA,

       Plaintiff,

v.

MICHELLE WAGNER, a detective with the Lakewood Police Department, in her individual
capacity;
D.L. MANDELKO, a jailer with the Jefferson County Jail, in her individual capacity;
SHAYNE BUTLER, an officer with the Colorado Highway Patrol, in his individual
capacity, and
TED MINK, JEFFERSON COUNTY SHERIFF, in his official capacity,

       Defendants.

---

## PROTECTIVE ORDER

---

Pursuant to the Joint Stipulated Motion for Protective Order filed by the parties, the Court

hereby Orders as follows:

1.      This Protective Order shall apply to all documents, materials, and information,

including without limitation, documents produced, answers to interrogatories, responses to requests

for admission, deposition testimony, and other information disclosed pursuant to the disclosure or

discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided by Fed. R. Civ. P.

34(a)(i). A draft or non-identical copy is a separate document within the meaning of this term.

3.      One who provides, serves, discloses, or files any nonpublic documents or information in

connection with this litigation, and who in good faith believes such documents or information contain

nonpublic personal, personnel, employment, private, medical, or other information implicating

privacy interests or proprietary interests of Plaintiff Mercedes Archuleta, any Defendant captioned above, or any person or entity that is not a party to this action but that discloses such documents or information to any party to this action in response to a subpoena or notice of deposition in connection with this action may designate such documents or information as "Confidential." The documents or information so designated shall be deemed "Confidential Material" subject to this Protective Order.

4. Confidential Material shall be subject to the following restrictions. Confidential Material shall be used only for the limited purpose of preparing for and conducting this litigation (including any appeals), and not for any other purpose whatsoever, and shall not, without the consent of the party producing it or further Order of the Court, be disclosed in any way to anyone except those specified in this paragraph:

(a)     counsel to the parties, including co-counsel of record to the parties, assisting in the prosecution or defense of this litigation;

(b)     legal associates and clerical or other support staff who are employed by or associated with, and working under the direction of, those persons listed in subparagraph (a) above;

(c)     the parties and their representatives;

(d)     outside photocopying, graphic production, or litigation support services employed by the parties or their counsel to assist in litigating this litigation;

(e)     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(f)     the Court and its employees ("Court Personnel");

(g)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this litigation;

(h)     deponents, witnesses, or potential witnesses; and

(i)     by written agreement of the parties, other persons who execute the attached Exhibit A.

5.     No Confidential Material shall be disclosed to any person listed in subparagraph 4(e), or 4(h) above until such person first signs an agreement with respect to the confidentiality of such information in the form attached hereto as Exhibit A.  Prior to disclosing any Confidential Material to any person listed in subparagraph 4(e) or 4(i) above, counsel shall provide such person with a copy of this Protective Order and have such person execute a copy of Exhibit A acknowledging that he or she has read this Protective Order and agreed to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.     This Protective Order shall not prohibit or restrain any party from performing the tasks necessary to prepare for or conduct this litigation (including any appeals); however, any redisclosure or communication of the Confidential Material covered by this Protective Order, except as specifically allowed by this Protective Order for the purposes of preparing for or conducting this litigation (including any appeals), is strictly prohibited.  The object of this Protective Order is that none of the Confidential Material revealed in connection with such protections be used for any purpose other than in relation to this litigation (including any appeals), without leave of Court, and that no one be allowed, without leave of Court, to use any Confidential Material produced pursuant to this order in connection with any other issue, dispute, litigation, or charge, other than in connection with this litigation (including any appeals), against any person or entity, whether currently pending or contemplated in the future.  Nothing in this Order shall prevent any person from seeking documents via subpoena or otherwise from any person or party.   Documents

produced by any person or entity in connection with this action pursuant to a subpoena or otherwise are entitled to the protections set forth in this Order.

7.      No reproduction of Confidential Material disclosed in reliance on this Protective Order is authorized, except to the extent copies are required to prepare for or to conduct this litigation (including any appeals). All copies, excerpts, or summaries made, shown, or given to those authorized hereby and according to the provisions hereof shall be stamped to indicate the protected and confidential nature of the disclosed information. Review of Confidential Material by counsel, experts or consultants for the litigation will not constitute any waiver of the confidentiality of the document or of any objections to production.   The inadvertent, unintentional, or *in camera* disclosure of Confidential Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

8.      Counsel to the parties are required to advise, instruct, and supervise all associates, staff, and employees of counsel to keep designated Confidential Material confidential in the strictest possible fashion. Counsel and the parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to this order and the limitations on its use and disclosure.

9.      Documents are designated as Confidential Material by placing or affixing on them (in a manner that will not interfere with their legibility) the following notice: "CONFIDENTIAL."

10.      Whenever a deposition involves the disclosure of Confidential Material, the portions thereof shall be designated as Confidential and subject to this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the

-4-

designation is promptly given to all counsel of record within fifteen (15) days after notice by the court reporter of the completion of the transcript. The cover page and those portions of the original transcripts that contain confidential material shall bear the legend "CONFIDENTIAL," and shall be bound separately from the non-confidential portions of the transcript. Any deposition exhibits designated confidential shall also be bound separately.

11.     A party may object to the designation of particular documents as Confidential Material by giving written notice to all other parties. The written notice shall identify the information to which objection is made.  If the parties cannot resolve the objection within five (5) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion within ten (10) additional business days requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order and the relevant confidentiality legend shall be removed.  In connection with any motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

12.     Within sixty (60) days of the final conclusion of this action, unless other arrangements are agreed upon, each document designated as Confidential and all copies thereof shall be returned to the party that designated the material as Confidential or destroyed by the

receiving party, except that counsel may retain their work product and copies of court filings, transcripts, and exhibits, provided the retained documents will continue to be treated as provided in this Protective Order, as modified by rulings of the Court.   Where a party elects to destroy confidential documents, the destroying party shall provide all parties with written confirmation of the destruction.   All documents designated as Confidential and retained by counsel pursuant to this paragraph shall be maintained as Confidential following the conclusion of the case.

13.   Stamped confidential documents shall not be filed with the clerk except when required in connection with any motion, pleading, or response related to this action (including any appeals).   A party contemplating filing Confidential Material protected by this Protective Order to the Court must comply with the requirements of D.C.Colo.LCiv.R. 7.2 and also include a notice to the Court that Confidential Material is being filed in a sealed envelope or other suitable sealed container with the case caption on the outside, and with the following or a similar statement: "Confidential—This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing the use of Confidential Material designated by the parties." All Confidential Materials maintained by the Clerk of the Court under seal shall be released only upon further Order of the Court.

14.   This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

15.   Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

Dated this ___ day of May 2007.

BY THE COURT:

MICHAEL J. WATANABE
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-m7-02061-LTB-MJW

MERCEDES ARCHULETA,

      Plaintiff, v.

MICHELLE WAGNER, a detective with the Lakewood Police Department, in her individual
capacity;
D.L. MANDELKO, a jailer with the Jefferson County Jail, in her individual capacity; SHAYNE
BUTLER, an officer with the Colorado Highway Patrol, in his individual capacity, and
TED MINK, JEFFERSON COUNTY SHERIFF, in his official capacity,

      Defendants.

---

**EXHIBIT A TO PROTECTIVE ORDER – CONFIDENTIALITY AGREEMENT**

---

_____ , the undersigned, hereby acknowledges that
I have read the Protective Order issued by the Court in the above captioned litigation and I
understand the terms and conditions of such Protective Order governing the restricted use of
information and materials obtained from the parties and provided to me for the sole purpose of the
above captioned action, and hereby agree to keep all such information and materials strictly and
absolutely confidential, and in all other respects to be bound by the terms of the Protective Order.  I
declare under the penalty of perjury that the foregoing is true and correct.

      My current address and telephone number is:

                                    _____

                                      _____
                                        Signature