**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Action No. 06-cv-02061-LTB

MERCEDES ARCHULETA,

     Plaintiff,

v.

MICHELLE WAGNER, a detective with the Lakewood Police Department, in her individual capacity;
D.L. MANDELKO, a jailer with the Jefferson County Jail, in her individual capacity;
SHAYNE BUTLER, an officer with the Colorado Highway Patrol, in his individual capacity; and
TED MINK, JEFFERSON COUNTY SHERIFF, in his official capacity,

     Defendants.

_____

**ORDER**
_____

This civil rights case is before me on Defendants' Joint Motion for Partial Summary

Judgment Based on Judicial Estoppel [**Docket # 86**], Plaintiff's Response [**Docket # 91**], and

Defendants' Reply [**Docket # 94**]. Defendants request I dismiss Plaintiff's claims for damages

under the doctrine of judicial estoppel. Oral arguments would not materially assist the

determination of this motion. After consideration of the motion, pleadings, and the case file, and

for the reasons stated below, I DENY Defendants' motion [**Docket # 86**].

## I.  BACKGROUND

On April 1, 2005, Plaintiff filed a voluntary petition for Chapter 13 bankruptcy protection

in the United States Bankruptcy Court for the District of Colorado, Case No. 05-16985-HRT.

On June 12, 2005, Plaintiff was arrested by Colorado Highway Patrol pursuant to an outstanding

arrest warrant predicated on a Lakewood Police Department domestic violence charge.  The City of Lakewood subsequently acknowledged the warrant was improperly issued under a mistaken assumption of identity and the charges against Plaintiff were dismissed.

Plaintiff filed this civil action under 42 U.S.C. § 1983 on October 17, 2006.  In her Complaint, Plaintiff claims her civil rights were violated when (1) Lakewood Police knowingly or recklessly issued a warrant for her arrest based on false statements or omissions; (2) Colorado Highway Patrol unjustifiably demanded her driver's license; (3) she was prevented from covering her breasts—which were exposed when she was arrested while breast-feeding her five-month old child—during her arrest and while she was driven, in handcuffs, to the Jefferson County Detention Facility; (4) she was detained at the Jefferson County Detention Facility even though a jailer determined she was not the person intended by the warrant; and (5) she was improperly subjected to a strip search after it had been determined she was not the person intended by the warrant and without reasonable suspicion of the presence of weapons or contraband [**Docket # 1**].  Although the precise damages alleged are unclear, Plaintiff demanded at least $450,000.00 from the combined defendants.  On February 27, 2007, I dismissed claims two and four and limited litigation of the third claim to the question of the manner in which the Colorado Highway Patrol officer conducted Plaintiff's arrest [**Docket # 54**].

Plaintiff submitted several amendments to her Chapter 13 plan through February 20, 2007, but did not disclose her present civil rights claims.  The February 2007 amendments were adopted by the bankruptcy court on March 21, 2007.  On June 5, 2007, Defendants' counsel—after receiving a copy of Plaintiff's bankruptcy petition in discovery—notified Plaintiff's counsel of Defendants' concerns that judicial estoppel may preclude Plaintiff's claims because they were not

2

disclosed in the bankruptcy proceeding.  On June 7, 2007, Plaintiff's bankruptcy counsel, Sharon

W. Grossenbach, filed an amended Schedule B and Schedule C, listing this case as "other personal

property."

## II.  STANDARDS OF REVIEW

### A.  Summary Judgment

The purpose of a summary judgment motion is to assess whether trial is necessary.  *White

v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).  If a reasonable juror could not return a

verdict for the non-moving party, summary judgment is proper and there is no need for a trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).   Summary judgment is not proper

if—viewing the evidence in a light most favorable to the non-moving party and drawing all

reasonable inferences in that party's favor—a reasonable jury could return a verdict for that party.

*Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992).

The non-moving party has the burden of showing there are specific issues of material fact

to be determined.  *Celotex*, *supra*, 477 U.S. at 322.  A fact is material if it might affect the

outcome of the suit under the governing substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 255 (1986).  It is not enough that the evidence be merely colorable.  *Matsushita Elec.

Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  I shall grant summary

judgment, therefore, only if the pleadings, depositions, answers to interrogatories, admissions, or

affidavits show there is no genuine issue of material fact and the moving party is entitled to

judgment as a matter of law.  *Lucas v. Mountain States Tel. & Tel.*, 909 F.2d 419, 420 (10th Cir.

1990); FED. R. CIV. P. 56(c).

In a motion for summary judgment, I view the evidence "through the prism of the

substantive evidentiary burden." *Liberty Lobby*, *supra*, 477 U.S. at 254.  The inquiry is based on

"the quality and quantity of evidence required by the governing law" and "the criteria governing

what evidence would enable the jury to find for either the plaintiff or the defendant."  *Id.*  In a

civil rights case, the non-moving party must show material facts in dispute by a preponderance of

the evidence in order to defeat a motion for summary judgment.  While this motion concerns

Plaintiff's failure to disclose this case to the bankruptcy court, the burden of proof is the same.

*See In re Ford*, 492 F.3d 1148, 1154 (10th Cir. 2007) (holding the burden of proof in a case of

bad faith failure to disclose a personal injury case to the bankruptcy court is by a preponderance

of the evidence).  Plaintiff meets this burden if she sets forth evidence that—if believed by the

ultimate factfinder—makes it more likely than not Defendants violated her civil rights.

### B.  Judicial Estoppel

The doctrine of judicial estoppel was recently adopted by the Tenth Circuit in *Johnson v.*

*Lindon City Corp.*, 405 F.3d 1065 (10th Cir. 2005).  When a party assumes a position in a legal

proceeding and succeeds in maintaining that position, the doctrine prevents that party from

assuming a contrary position in a later proceeding simply because her interests have changed.  *Id.*

at 1069 (citing *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)).  This is especially so when allowing

the party to change her position will prejudice the party in the prior proceeding.  *Id.*

Judicial estoppel is an equitable doctrine invoked by a court at its discretion.  *New*

*Hampshire v. Maine*, 532 U.S. 742, 750 (2001).  The purpose of the doctrine is to protect the

integrity of the judicial process by prohibiting parties from deliberately changing positions

according to the exigencies of the moment.  *Id.* at 749–50.  The harsh results that follow from

application of judicial estoppel require that I apply the doctrine with caution and only in "the

4

narrowest of circumstances." *Johnson v. Lindon City Corp.*, *supra*, 405 F.3d at 1069; *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996).

In making the determination whether to apply judicial estoppel, courts typically apply three non-exhaustive factors. *New Hampshire v. Maine*, *supra*, 532 U.S. at 750–51. First, courts look to see if a party's later position is "clearly inconsistent" with her earlier position. *Id*. Second, courts look to see if the party successfully persuaded the prior court to accept her position, such that acceptance of a contrary position in the later proceeding would create the perception that either the first or second court was misled. *Id*. Finally, courts look to see whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Id*. at 751. If all three of these factors are met, the doctrine of judicial estoppel may—at my discretion—be held to bind the party to its prior position. *See Johnson v. Lindon City Corp.*, *supra*, 405 F.3d at 1069–70. If, in light of the prior position, there is no genuine issue of material fact remaining, summary judgment is appropriate. *Id*. at 1270.

### III. ANALYSIS

There is little Tenth Circuit authority on the judicial estoppel doctrine's contours and application in the bankruptcy context. However, other circuits hold that the omission of a cause of action or claim from mandatory bankruptcy filings is tantamount to a representation that no such claims exist. *See, e.g., In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004); *Payless Wholesale Distribs., Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d 570, 571–72 (1st Cir. 1993). Thus, failure to disclose such a claim creates a clear inconsistency. *Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1159 (10th Cir. 2007). Further, if the bankruptcy court proceeds

as if no pending civil claim exists, this creates a perception that the bankruptcy court was misled. *Id*. The application of judicial estoppel in Plaintiff's case therefore turns on an examination of *New Hampshire v. Maine*'s third factor: whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *New Hampshire v. Maine*, *supra*, 532 U.S. at 751.

Allowing Plaintiff to proceed on her damages claims clearly imposes no unfair detriment on Defendants. *See In re Riazuddin*, 363 B.R. 177, 187 (10th Cir. BAP 2007). "At most, [Defendants] will be denied the windfall [they] had hoped to receive by avoiding further litigation and any potential liability on the claim[s]." *Id*. Likewise, because Plaintiff has already amended her Chapter 13 plan to reflect the present claims, there is no detriment to the bankruptcy court or Plaintiff's creditors. *Cf. Autos, Inc. v. Gowin*, 330 B.R. 788, 796 (D. Kan. 2005), *rev'd as to remedy only*, No. 05-3415, 2007 WL 2269443 (10th Cir. 2007). Defendants argue allowing Plaintiff to proceed on her damages claims would derive her an unfair advantage. I disagree.

A.  Unfair Advantage

Inherent in an examination of the "unfair advantage" inquiry is the well-established maxim that "the doctrine of judicial estoppel does not apply when the prior inconsistent position was taken because of a good faith mistake rather than as part of a scheme to mislead the court." *E.E.O.C. v. Outback Steak House of Fla., Inc.*, No. 06-cv-01935-EWN-BNB, 2006 WL 4730942, at *6 (D. Colo. Aug. 27, 2006) (citing *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996)). When exploring the "unfair advantage" prong of a judicial estoppel inquiry, therefore, I examine Plaintiff's intent to determine whether her failure to disclose this case in her bankruptcy proceeding was the result of the purposeful use of self-

6

contradiction as a means of obtaining unfair advantage over an opposing party, or whether her failure to disclose is attributable to simple error or inadvertence. *Eastman*, *supra*, 493 F.3d at 1157–58 (citing *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600–01 (5th Cir. 2005)); *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286 (11th Cir. 2002); *In re Coastal Plains, Inc.*, 179 F.3d 197, 206 (5th Cir. 1999).  If Plaintiff had no motive to conceal the present undisclosed damages claims, her failure to inform the bankruptcy court of this action is excusable. *Eastman*, 493 F.3d at 1157 (citations omitted).

In determining motive, courts consistently consider the circumstances under which the plaintiff amended her bankruptcy filings, if amended at all.  Courts will generally not allow a plaintiff to retroactively reopen a closed bankruptcy case to allow disclosure of a pending civil claim. *See Burnes*, *supra*, 291 F.3d at 1288.  Likewise, courts will generally not allow a plaintiff to amend her bankruptcy filings in response to a motion for summary judgment—based on judicial estoppel—in an ongoing civil case. *See*, *e.g.*, *Outback Steakhouse*, *supra*, 2007 WL 128807, at *7.  For example, in *Traylor v. Ford*, 185 F. Supp. 2d 1338 (N.D. Ga. 2002), the disputed civil claim was filed in state court two months prior to filing the bankruptcy petition. *Id*. at 1339.  The plaintiff did not attempt to modify his bankruptcy petition until after the defendant filed a summary judgment motion based on judicial estoppel. *Id*.  Further, the plaintiff—in response to a specific and unambiguous question—specifically told the trustee and the bankruptcy court that he had not been involved in any lawsuit within one year prior to filing his petition. *Id*. at 1340; *see also Solano v. Am. Bankers Ins. Co. of Fla.*, 365 B.R. 196, 198–99 (D. Colo. 2007) (holding the plaintiff failed to comply with her bankruptcy disclosure duties when she failed to disclose civil claims that accrued prior to her bankruptcy petition). *But see Hamilton v. Matrix Logistics, Inc.*,

7

No. 05-CV-00757-LTB-CBS, 2007 WL 128807, at *5 (D. Colo. Jan. 12, 2007) (holding that, where the plaintiff re-opened her bankruptcy case to include notice of a pending civil claim, "Defendants' argument that Hamilton should be judicially estopped from asserting her claims in this case as a result of her failure to disclose them in her bankruptcy case must fail.  Specifically, it can no longer be argued that Hamilton obtained an unfair advantage by failing to disclose these claims in the bankruptcy proceeding.").

Courts are less inclined to apply judicial estoppel when the plaintiff has voluntarily amended her bankruptcy petition without being forced to do so by the actions of her civil opponent.  For example, in *Chandler v. Samford University*, 35 F. Supp. 2d 861 (N.D. Ala. 1999), the court specifically declined to consider a present bankruptcy proceeding in its judicial estoppel inquiry because the plaintiff had amended her filings to include the pending civil claims. *Id*. at 863.  Instead, the court focused solely on a prior bankruptcy claim that was not amended. *Id*. at 863 n.1 ("Because Chandler's 1998 bankruptcy claim has been amended to include the claim against Samford, this opinion focuses only on the consequences of Chandler's failure to include the claim as an asset in the 1996–97 bankruptcy proceeding."); *see also Hamilton*, *supra*, 2007 WL 128807, at *5.

A plaintiff's motive can be sometimes inferred from the fact that she will benefit from her failure to disclose if such failure protects her settlement or litigation award from the reach of her creditors.  *See Outback Steakhouse*, *supra*, 2006 WL 4730942, at *6–7.  Where the underlying claims are not subject to levy by the debtor's creditors, however, such an inference is not necessarily warranted.  *See In re Ford*, *supra*, 492 F.3d at 1157 (reversing the BAP's holding, 336 B.R. 813, 817 (10th Cir. BAP 2006), that such an inference was unwarranted, but noting:

8

"We agree with much of the BAP's analysis, and would have had little trouble affirming a bankruptcy court decision going the other way, given our standard of review.  This is a close case.").

## B.  Plaintiff's claims

The facts in this case show the bankruptcy court is aware of Plaintiff's present damages claims.  On June 7, 2007—only two days after being alerted by Defendants that she was remiss in her failure already to do so—Plaintiff amended her Chapter 13 plan to reflect this action.  A week later, on June 15, 2007, Defendants filed this summary judgment motion.  Thus, this case is unlike those cases cited by Defendants wherein the plaintiff filed for bankruptcy after her civil claims arose, or failed to disclose her claims to the bankruptcy court altogether.  *See, e.g.*, *Eastman*, *supra*, 493 F.3d 1151; *Jethroe*, *supra*, 412 F.3d 598; *Autos, Inc.*, *supra*, 330 B.R. 788.  On its face, this is also not a case where the plaintiff attempted to modify her bankruptcy filings only after being served with a motion for summary judgment or a motion to dismiss.  Defendants provide me with no evidence—let alone a preponderance of evidence—that Plaintiff amended her bankruptcy filings in anticipation of the present motion.  Construing the evidence in the light most favorable to Plaintiff and drawing all inferences in her favor, I conclude—for the purposes of this motion—that Plaintiff amended her bankruptcy filings voluntarily.  This case is therefore also unlike *Burnes*, *Outback Steakhouse*, and *Taylor*, wherein the plaintiff refused to amend earlier bankruptcy filings until forced to do so by the actions of her civil claim opponent.

Judicial estoppel is an equitable doctrine that requires me to consider all the equities of the case.  *See New Hampshire v. Maine*, *supra*, 532 U.S. at 750; *In re Riazuddin*, *supra*, 363 B.R. at 187.  As such, I must consider the interests of the present parties, as well as the creditors of

9

Plaintiff's bankruptcy estate. *Id.* If I were to hold Plaintiff estopped from asserting her damages claims, real harm could fall on Plaintiff's creditors—Defendants' "concern" for them notwithstanding—because they would no longer have access to any judgment on her behalf. *Id.*; *see also In re Wakefield*, 312 B.R. 333, 341–42 (Bankr. N.D. Tex. 2004). While courts must promote full and honest disclosure of assets by debtors, it makes little sense to try to further this interest by punishing those whom the truthful disclosure of assets is intended to benefit. *In re Riazuddin*, 363 B.R. at 1187 (citing *Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006)).

Moreover, in light of the equitable nature of judicial estoppel, dismissing Plaintiff's damages claims in this instance would amount to a gross unfairness far out of proportion to any possible wrongdoing. Plaintiff's damages—by Defendants' own admission—are alleged to be as much as $450,000.00, while the maximum dischargeable debt—$4,137.59—is less than one percent of that amount. This inequity is exacerbated by the fact that Plaintiff's alleged damages may be largely exempt from the reach of her creditors. *See In re Ford*, *supra*, 492 F.3d at 1157; 11 U.S.C. § 522(b) (property which is protected from creditors under state law is exempt from the bankruptcy estate); COLO. REV. STAT. § 13-54-102(1)(n) (personal injury recoveries are protected from creditors).

I am also persuaded by the fact that the arrest underlying the present action did not occur until after Plaintiff filed her Chapter 13 petition. This litigation was not filed until eighteen months later. While a debtor has an ongoing duty to amend her bankruptcy filings, *see Autos, Inc.*, *supra*, 330 B.R. at 792–93, the fact that the present claims did not exist until well over a year after the bankruptcy petition was filed—when coupled with Plaintiff's immediate amendment

10

upon notification of the issue—lends credibility to Plaintiff's assertion that her failure to disclose

prior to June 7, 2007, was inadvertent.  *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir.

2006) (holding that a plaintiff who is "making an honest attempt to pay her debts . . . would have

filed amended schedules and moved to reopen the bankruptcy" to disclose a pending civil claim

"as soon as she realized that it had been omitted," and that "a debtor in bankruptcy is bound by

her own representations . . . at least until the debtor moves to amend the disclosures and pay the

creditors their due").

    "In fashioning a remedy, courts should bear in mind that the traditional equitable remedy is

in the nature of a shield, not a sword."  *In re An-Tze Cheng*, 308 B.R. 448, 461 (9th Cir. BAP

2004).  The harsh results that would follow from application of judicial estoppel in this instance

require me to proceed with extreme caution.  *Lowery*, *supra*, 92 F.3d at 224.  My cautionary

approach mandates against the application of judicial estoppel to dismiss Plaintiff's damages

claims.

## C.  Remedy

    Although I do not grant Defendants' Motion, I agree with Defendants' argument that

Plaintiff would receive an undue benefit were she to receive the full amount of any damages

received should she succeed in the merits of this claim.  However, as Plaintiff amended her

Chapter 13 plan to include the present claims—and has not had her remaining debts

discharged—some part of any resulting judgment may be available to her creditors.  Thus, I find

Defendants' alternative request for relief—that I order any damages received be paid to the

Chapter 13 trustee and be distributed first to Plaintiff's creditors—to be premature.  It remains

11

the exclusive province of the bankruptcy court to determine the allocation of Plaintiff's damages in this case, if any.  *See In re Rare, LLC*, 298 B.R. 762, 764 (Bankr. D. Colo. 2000).

### IV.  CONCLUSION

Accordingly, Plaintiff's Motion for Summary Judgment [**Docket # 86**] is DENIED.


Dated: October   22  , 2007.

BY THE COURT:


    s/Lewis T. Babcock
Lewis T. Babcock, Judge