IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 06-cv-02061-LTB

MERCEDES ARCHULETA,

　　　　Plaintiff,

v.

MICHELLE WAGNER, a detective with the Lakewood Police Department, in her individual capacity;
D.L. MANDELKO, a jailer with the Jefferson County Jail, in her individual capacity;
SHAYNE BUTLER, an officer with the Colorado Highway Patrol, in his individual capacity; and
TED MINK, JEFFERSON COUNTY SHERIFF, in his official capacity,

　　　　Defendants.
_____

**ORDER**
_____

This civil rights case is before me on Defendant, Michele Wagner's, Motion for Summary Judgment [**Docket # 101**], Plaintiff's Response [**Docket # 107**], and Defendant's Reply [**Docket # 118**]. Oral arguments would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I DENY Defendant's motion [**Docket # 101**].

**I.　BACKGROUND**

On June 12, 2005, Plaintiff was arrested by the Colorado Highway Patrol pursuant to an outstanding arrest warrant arising out of a Lakewood Police Department domestic violence charge. Defendant Michele Wagner ("Wagner")—the officer who submitted the affidavit on

1

which the warrant was predicated—was a detective employed by the Lakewood Police Department at all times relevant to this action. The City of Lakewood subsequently acknowledged the warrant was improperly issued under a mistaken assumption of identity and dismissed the charges against Plaintiff. Plaintiff filed this civil action under 42 U.S.C. § 1983 on October 17, 2006. In her Complaint, Plaintiff claims—among other charges—her civil rights were violated when Wagner knowingly or recklessly included false statements in or omitted material information from the affidavit underlying the arrest warrant [**Docket # 1**].

The relevant facts for the purposes of this motion are as follows. On April 18, 2005, Lakewood Police dispatched two officers to investigate a reported assault at a Walgreens store. The alleged victim identified her assailant—with whom she had an intimate relationship—as "Mercedes Archuleta." The alleged victim stated her assailant was approximately 42 or 43 years of age but refused to provide any additional identifying information or a description of her assailant.

Officer Todd Clifford located a driving record for a Mercedes Archuleta—in fact Plaintiff—in the electronic files of the Colorado Department of Motor Vehicles ("DMV record"). The DMV record included a physical description of Plaintiff. Clifford described the suspect in his report based on the DMV record and noted he derived identifying information from the DMV record. Clifford's report noted that "Mercedes Archuleta" had no record in the Colorado Crime Information Center ("CCIC") database.

On April 19, 2005, Wagner was assigned to follow up on the reported assault. Wagner determined from reviewing the report that an arrest warrant was appropriate and sought to obtain such a warrant. In so doing, Wagner did not contact the investigating officers for any further

information. Wagner attempted to contact the victim at the phone number given to the investigating officers, but was informed the victim had not been seen by the owner of that number for six months. Wagner did not attempt to contact Plaintiff using the information listed in the DMV record.

As Officer Clifford noted in his report, "Mercedes Archuleta" had no criminal history. Nonetheless, Wagner looked up "Mercedes Archuleta" in the CCIC database. The alias "Mercedes Archuleta" had been used by a Phyllis Rivera, a woman with a substantial criminal history. Although the criminal history Wagner eventually retrieved through her search for records belonging to "Mercedes Archuleta" was listed under the name and identifying information of "Phyllis Rivera," Wagner apparently did not notice.

Wagner submitted an affidavit in support of an arrest warrant on April 20, 2005. The affidavit stated Wagner had personal knowledge of the facts contained through personal involvement, interviews with witnesses and other police officers, and through reviewing official police reports. In fact, Wagner had no personal knowledge of the facts in her affidavit and her only knowledge came from reviewing the police report. The affidavit described "Mercedes Archuleta" using the information found in Plaintiff's DMV records—including Plaintiff's Social Security and Driver's License number—but did not note the source of the description. Although Plaintiff continued to reside at the address listed in her DMV records, the affidavit stated the whereabouts of "Mercedes Archuleta" as "unknown." The affidavit made no mention of Phyllis Rivera and included Phyllis Rivera's criminal history as being that of Plaintiff.

Plaintiff claims Wagner acted with knowing or reckless disregard for the truth of the statements in her affidavit. Wagner asserts a defense of qualified immunity on grounds that her

actions did not deprive Plaintiff of an established constitutional right. Wagner also argues that—even if she did deprive Plaintiff of a protected right—Plaintiff has not proffered sufficient evidence that such deprivation was intentional or reckless so as to allow an award of punitive damages.

## II. STANDARD OF REVIEW

### A. Summary Judgment

The purpose of a summary judgment motion is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is not proper if—viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor—a reasonable jury could return a verdict for that party. *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992).

The non-moving party has the burden of showing there are specific issues of material fact to be determined. *Celotex*, *supra*, 477 U.S. at 322. A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). It is not enough that the evidence be merely colorable. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is therefore appropriate only if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lucas v. Mountain States Tel. & Tel.*, 909 F.2d 419, 420 (10th Cir. 1990); FED. R. CIV. P. 56(c).

In a motion for summary judgment, I view the evidence "through the prism of the substantive evidentiary burden." *Liberty Lobby*, *supra*, 477 U.S. at 254. The inquiry is based on "the quality and quantity of evidence required by the governing law" and "the criteria governing what evidence would enable the jury to find for either the plaintiff or the defendant." *Id*. In a civil rights case, the non-moving party must show material facts in dispute by a preponderance of the evidence in order to defeat a motion for summary judgment. Plaintiff meets this burden if she sets forth evidence that—if believed by the ultimate factfinder—makes it more likely than not Defendants violated her civil rights.

## B. Qualified Immunity

The doctrine of qualified immunity shields public officials from damage actions unless their conduct was unreasonable in light of clearly established law. *Elder v. Holloway*, 510 U.S. 510, 512 (1994). I initially consider the threshold question of whether—taken in the light most favorable to the party asserting the injury—the plaintiff alleges sufficient facts to show the officer's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the answer to the first question is yes, a court then asks if the right was clearly established. *Id*. Finally, if the plaintiff meets her burden under these two inquiries, the burden then shifts to the defendant to "demonstrate that 'no material issues of fact remain as to whether the defendant's actions were objectively reasonable in light of the law and information the defendant possessed at the time of his actions.'" *Hollingsworth v. Hill*, 110 F.3d 733, 738 (10th Cir. 1997) (quoting *Guffey v. Wyatt*, 18 F.3d 869, 871 (10th Cir. 1994)).

## III. ANALYSIS

A plaintiff initially bears the burden of coming forward with facts or allegations sufficient

to show both that the defendant's actions violated a constitutional or statutory right and that such right was clearly established. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006); *Stewart v. Donges*, 915 F.2d 572, 580 (10th Cir. 1990). A plaintiff can demonstrate "a constitutional right is clearly established by reference to cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits." *Anderson*, 469 F.3d at 914.

"No one could doubt that the prohibition on falsification or omission of evidence, knowingly or with reckless disregard for the truth, was firmly established as of 1986, in the context of information supplied to support a warrant for arrest." *Pierce v. Gilchrist*, 359 F.3d 1279, 1298 (10th Cir. 2004) (citing *Stewart*, *supra*, 915 F.2d at 581). Thus, in order to meet her burden, Plaintiff need only meet the first part of the *Saucier* test: Plaintiff must allege sufficient facts to show Wagner violated this right. As Plaintiff meets this requirement, the burden then shifts to Wagner to show there is no material question of fact whether her actions were reasonable in light of the information she possessed at the time she submitted her affidavit. Wagner fails to meet this burden.

### A. There are sufficient facts to conclude Wagner violated Plaintiff's clearly established constitutional rights

In analyzing whether Wagner violated Plaintiff's constitutional rights by knowingly or recklessly falsifying or omitting evidence when submitting the affidavit, I first ask whether the affidavit contained material falsifications or omissions and, if so, I then ask whether the material falsifications or omissions were made knowingly or with reckless disregard for their truth.

*1. Sufficient facts demonstrate the affidavit contained material falsifications and omissions*

The affidavit in question contains several inarguable and immediately obvious

6

falsifications. Wagner did not have personal knowledge of the facts contained therein and she did not interview either witnesses or police officers prior to signing her affidavit. No person named "Mercedes Archuleta" had previous arrests for any of the ten charges listed in the affidavit.

The affidavit also contains numerous omissions. The only evidence that anyone named "Mercedes Archuleta" committed the assault in question came from the statement of a witness who refused to provide any description of her assailant other than her name and approximate age. The description of the assailant did not come from witnesses, but from a search of DMV records for "Mercedes Archuleta." The "Mercedes Archuleta" found in the DMV records did not have "unknown whereabouts." The investigating officer noted in his report that "Mercedes Archuleta" had no criminal record.

Finally, the affidavit's remaining declarations that implicate Plaintiff are undeniably false in light of the Lakewood Police Department's admission that Plaintiff was not the victim's assailant. In short, the only statements in the affidavit that were not false or misleading were those describing the fact that an altercation took place at Walgreens between Alexandra Silvas and a woman she identified as "Mercedes Archuleta" and that Wagner was unable to contact the victim at the number she provided and was told the victim had not been seen by the owner of that phone number for six months.

In analyzing whether the falsifications or omissions were material, I delete the false or misleading statements, insert the omitted truths, and examine the "corrected" affidavit to see if it supports a finding of probable cause. *Stewart*, *supra*, 915 F.2d at 582 n.13. If the corrected affidavit would not give rise to probable cause, the falsifications and omissions are material. *See United States v. Brinlee*, 146 F. App'x 235, 238–39 (10th Cir. 2005); *United States v. Basham*,

7

268 F.3d 1199, 1204 (10th Cir. 2001); *United States v. Peterson*, 103 F. Supp. 2d 1259, 1264–65 (D. Colo. 2000).

To establish probable cause for an arrest, there must be "a substantial probability that a crime has been committed and that *a specific individual* committed the crime." *Taylor v. Meacham*, 82 F.3d 1556, 1562 (10th Cir. 1996) (emphasis added). Mere recitation of the name of a possible suspect is an insufficient basis to constitute probable cause unless the name—when accompanied by some other information—narrows the scope of possible suspects to the particular person arrested. *See Wong Sun v. United States*, 371 U.S. 471, 480–82 (1963); *see also United States v. Leon*, 468 U.S. 897, 923 n.24 (1984) ("It is necessary to consider the objective reasonableness, not only of the officers who eventually executed a warrant, but also of the officers who originally obtained it or who provided information material to the probable-cause determination. Nothing in our opinion suggests, for example, than an officer could obtain a warrant on the basis of a 'bare bones' affidavit . . . ."); *Miller v. Prince George's County*, 475 F.3d 621, 629 (4th Cir. 2007) (citing *Pierce*, *supra*, 359 F.3d at 1293). When corrected, the affidavit in question here contains a "bare bones" allegation—from an uncooperative witness who refused to provide any further identifying information—that the victim was assaulted by a 42 to 43 year old woman named "Mercedes Archuleta" at Walgreens on April 18, 2005, and that a 45 year old woman named "Mercedes Archuleta" with Plaintiff's identifying information existed.

When reasonable minds could differ whether a "corrected" affidavit would support probable cause, the proper procedure in a § 1983 suit is to submit the question to a jury. *See DeLoach v. Bevers*, 922 F.2d 618, 623 (10th Cir. 1990) ("We have long recognized that it is a jury question in a civil rights suit whether an officer had probable cause to arrest. . . . [W]here the

8

issue arises in a damages suit, it is . . . a proper issue for the jury if there is room for a difference of opinion. The underlying issue in deciding whether the police had probable cause to do what they did is reasonableness, which is also the underlying issue in deciding negligence—a classic jury issue. This rule applies also to cases in which the officers made the misrepresentations in an application for an arrest warrant.") (citations omitted); *see also Bruner v. Baker*, — F.3d —, 2007 WL 3151803, at *5 (10th Cir. Oct. 30, 2007) ("*DeLoach* simply points out that where there is a question of fact or 'room for a difference of opinion' about the existence of probable cause, it is a proper question for a jury, even though it is normally determined by a court during the warrant application process."). Construing all facts and inferences in favor of Plaintiff, reasonable minds could differ whether the corrected affidavit was sufficient to support a finding of probable cause. Accordingly—for the purposes of this summary judgment motion based on qualified immunity—I find Plaintiff has alleged sufficient facts to show Wagner's falsifications and omissions were material.

> *2. Sufficient facts demonstrate the material evidence was falsified or omitted knowingly or with reckless disregard for its truth*

In order to show Wagner acted recklessly or knowingly, it is not necessary for Plaintiff to provide direct evidence of Wagner's mental state; rather, I may infer reckless disregard from circumstances evincing obvious reasons to doubt the veracity of the allegations. *DeLoach*, *supra*, 922 F.2d at 622 (citing *United States v. Williams*, 737 F.2d 594, 602 (7th Cir. 1984)).

Wagner's affidavit contained both omissions and falsifications. When considering whether Wagner's omissions demonstrate a reckless disregard for the truth, I am mindful that a police officer "cannot make unilateral decisions about the materiality of information, or, after satisfying

9

him or herself that probable cause exists, [only] inform the magistrate or judge of inculpatory evidence." *Wilson v. Russo*, 212 F.3d 781, 787 (3d Cir. 2000). Thus, where the affiant omits facts of which she was aware and a "reasonable person would have known that this was the kind of thing the judge would wish to know," such omission can be assumed to be made with reckless disregard for the truth. *See id.* at 787–88; *United States v. Jacobs*, 986 F.2d 1231, 1235 (8th Cir. 1993); *Bruning v. Pixler,* 949 F.2d 352, 357 (10th Cir. 1991).

The standard for falsification is even more stringent. Recklessness in regard to falsifications is not measured by the relevance of the falsified information but by the mere fact of the affiant's willingness to distort the truth. *See Wilson*, *supra*, 212 F.3d at 788; *DeLoach*, *supra*, 922 F.2d at 622. A reckless disregard for truth exists whenever an affiant entertains serious doubts as to the truth of her allegations. *See DeLoach*, 922 F.2d at 622.

The evidence here demonstrates—for the purposes of this summary judgment motion on the basis of qualified immunity—that Wagner omitted several facts of which she was aware: Wagner was aware—yet failed to note—the fact that the description of "Mercedes Archuleta" derived from a search of the DMV record, not from any witnesses or the victim herself; Wagner was aware—yet failed to note—that Plaintiff was never contacted despite Wagner's knowledge of her whereabouts; and Wagner was aware—yet failed to note—Officer Clifford's statement that "Mercedes Archuleta" had no criminal history. A reasonable person could conclude these omissions were of the type of information a judge or magistrate would wish to know when considering an arrest warrant.

Wagner also listed the criminal history of Phyllis Rivera as that of Plaintiff. This error—described by Wagner's supervising officer Sergeant Jeff Streeter as "egregious" and

10

"obvious"—is particularly troubling in light of the fact that Wagner ignored or omitted Officer Clifford's report and instead falsely reported the criminal history of an unrelated person as that of Plaintiff. Wagner compounded this hybrid omission-falsification with her patently false assertion that she had first hand knowledge of the information in her affidavit based on interviews with police officers. Had Wagner interviewed Clifford, she would have been aware that the "Mercedes Archuleta" identified in Clifford's report had no criminal record. A reasonable person could find Wagner entertained serious doubts about the truth of these statements in her affidavit.

> B. There are sufficient facts to conclude Wagner's actions were unreasonable

"Once the plaintiff has established the inference that the defendant's conduct violated a clearly established constitutional right, a qualified immunity defense ordinarily fails." *Hollingsworth*, *supra*, 110 F.3d at 740. A defendant may nevertheless be entitled to immunity from suit, however, if she can demonstrate that "extraordinary circumstances" intervened such that she "was so 'prevented' from knowing that h[er] actions were unconstitutional that '[s]he should not be imputed with knowledge of an admittedly clearly established right.'" *V-1 Oil Co. v. Wyo. Dep't of Envtl. Quality*, 902 F.2d 1482, 1488 (10th Cir. 1990) (quoting *Robinson v. Bibb*, 840 F.2d 349, 350 (6th Cir. 1988)).

The circumstances at issue here do not rise to the "extraordinary" level. Plaintiff has alleged sufficient facts to show—if believed by the ultimate factfinder—Wagner falsified or omitted evidence knowingly or with reckless disregard for the truth. "[N]o reasonably competent officer could believe an arrest legal where it was his deliberate or reckless deception that led the magistrate into issuing the warrant." *Beard v. City of Northglenn*, 24 F.3d 110, 114–15 (10th Cir. 1994).

11

## IV.  CONCLUSION

Accordingly, Wagner's Motion for Summary Judgment [**Docket # 101**] is DENIED. Further, in light of the fact that Plaintiff has presented sufficient evidence demonstrating Wagner acted with reckless indifference to Plaintiff's federally protected rights, Plaintiff has adequately stated a claim that allows for punitive damages.  *See Smith v. Wade*, 461 U.S. 30, 56 (1983); *Jolivet v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992).


Dated: November   28  , 2007.

                                        BY THE COURT:

                                          s/Lewis T. Babcock
                                        Lewis T. Babcock, Judge